| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 16-06458 SJO (RAOx)        **DATE:** October 19, 2016

**TITLE:**    William Sams v. Johnson and Johnson, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                       Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** [Docket No. 12]

This matter is before the Court on Plaintiff William Sams's ("Sams" or "Plaintiff") Motion to Remand ("Motion"), filed on September 21, 2016. In the same Motion, Plaintiff seeks an award of attorney's fees ("Request for Attorney's Fees"). Defendants Johnson & Johnson Consumer Inc. ("JJCI") and Lewis Green ("Green") (collectively, "Defendants") opposed the Motion ("Opposition") on October 3, 2016.[1] Plaintiff did not file a Reply within the time period provided by Local Rule 7-10. *See* L.R. 7-10 ("A moving party may, not later than fourteen (14) days before the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."). The Court found the matter suitable for disposition without oral argument and vacated the hearing set for October 24, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** Plaintiff's Request for Attorney's Fees.

I.     FACTUAL AND PROCEDURAL BACKGROUND

       A.     Procedural Background

Plaintiff initiated the instant action against Defendants in Los Angeles County Superior Court on July 15, 2016, asserting the following fourteen causes of action: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) age harassment in violation of FEHA; (3) retaliation for complaining of age discrimination and/or harassment in violation of FEHA; (4) disability discrimination in violation of FEHA; (5) disability harassment in violation of FEHA; (6)

---

    [1]    Although Plaintiff erroneously names "Johnson and Johnson" and "Neutrogena Corporation" as Defendants in the instant action, Plaintiff does not dispute Defendants' averment that the corporation is actually "Johnson & Johnson Consumer Inc." (*Compare* Compl., *with* Notice of Removal.) Although it is immaterial for purposes of the instant Motion, the Court refers to the named corporate defendant as Johnson & Johnson Consumer Inc. ("JJCI").

Case 2:16-cv-06458-SJO-RAO Document 19 Filed 10/19/16 Page 2 of 9 Page ID #:266

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** <u>CV 16-06458 SJO (RAOx)</u>    **DATE:** <u>October 19, 2016</u>

retaliation for complaining of disability discrimination and/or harassment in violation of FEHA; (7) failure to provide reasonable accommodation in violation of FEHA; (8) race, ancestry, and/or national origin harassment in violation of FEHA; (9) retaliation for complaining of race, ancestry, and/or national origin discrimination and/or harassment in violation of FEHA; (10) violation of California Labor Code § 1102.5; (11) breach of implied-in-fact contract not to terminate employment without good cause; (12) wrongful termination of employment in violation of public policy; (13) retaliation for complaining of sexual harassment in violation of FEHA; and (14) failure to prevent discrimination, harassment, and retaliation in violation of FEHA. (*See* Notice of Removal ("Removal"), ECF No. 1; Decl. of Lisa M. Carrillo in Supp. of Def.'s Notice of Removal of Action ("Carrillo Decl."), Ex. A , Compl., ECF No. 1-2). In his Complaint, Plaintiff seeks general and special damages, exemplary damages, pre-judgment and post-judgment interest on all damages awarded, attorneys' fees, cost of suit, and other and further relief the Court may deem just and proper. (Compl. ¶¶ 1-6.) Plaintiff contends that the amount in controversy "exceeds $25,000.00" but does not specify an amount. (Compl. ¶ 31.)

Defendants filed their Answer on August 25, 2016. (*See* Carrillo Decl., Ex. B, Answer, ECF No. 1-3.) On August 26, 2016, Defendants removed the action to this Court based on diversity jurisdiction, under 28 U.S.C. § 1332. (Removal ¶ 7.) On or about September 12, 2016, Plaintiff's counsel met and conferred with Defendants' counsel regarding Plaintiff's intent to file a motion to remand due to lack of subject matter jurisdiction, but no agreement was reached to resolve the matter. (Decl. of Anthony Nguyen in Supp. of Pl.'s Mot. to Remand ("Nguyen Decl.") ¶¶ 6-7, ECF No. 12-1.)

      B.      <u>Factual Background</u>

In his Complaint, Plaintiff alleges: he is a resident of the County of Los Angeles, California; has a disability of type 2 diabetes; and is a fifty-year-old African American male and one of the Defendants' oldest employees (Compl. ¶¶ 1, 10(a)-(d).) On January 21, 2002, Plaintiff was hired by Defendants as a "Level 1 Compounder." (Compl. ¶ 8.) After five years of employment, Plaintiff was promoted to "Mechanics Level 2." (Compl. ¶ 8.) In 2004, Plaintiff was diagnosed with type 2 diabetes and Plaintiff immediately informed his managers of his diagnosis. (Compl. ¶ 11(b).) In July 2015, Defendant Green became Sams' supervisor. (Compl. ¶ 11(h).) According to Plaintiff, Green was aware of Sams' diabetes and older age and openly made comments that Sams was performing "slow." (Compl. ¶ 11(h).) On one occasion, Plaintiff alleges that Defendant Green sent a text message to Sams' group lead stating that Sams was "so slow he should just go home." (Compl. ¶ 11(h).) Plaintiff also contends that in or around October 2015, Green refused to allow Sams to see the onsite nurse for additional bloodwork related to Sams' diabetes. (Compl. ¶ 11(h)(i).) Also in or around October 2015, Plaintiff contends that while he was stretching and rotating his arm due to a shoulder ache, Defendant Green passed by and said to him, "That's from old age." (Compl. ¶ 11(j).) After approximately fourteen years of employment, Plaintiff was terminated for "alleged misconduct in the workplace" on October 29, 2015. (Compl. ¶ 12a.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: <u>CV 16-06458 SJO (RAOx)</u>　　　　DATE: <u>October 19, 2016</u>

Plaintiff now seeks to remand the case on the basis that "diversity jurisdiction indisputably does not exist." (Mot. 6.) In its Opposition, Defendants argue that the case satisfies jurisdictional requirements because the parties are diverse, in light of Green being fraudulently joined, and Defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Opp'n 1.)

For the following reasons, the Court concludes that remand is required because Defendants have failed to meet their burden showing that Plaintiff has placed more than $75,000 in controversy.

II.　　DISCUSSION

　　A.　　<u>Legal Standard</u>

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Although federal law requires complete diversity of citizenship, one exception to this requirement is where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* at 1067 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A defendant cannot successfully prove fraudulent joinder by arguing either that a plaintiff will not prevail against the non-diverse defendant or that a plaintiff has not sufficiently alleged a claim against that defendant. *See Munoz v. Lab. Corp. of Am.*, No. CV 15-902-GW, 2015 WL 4507104 (C.D. Cal. July 23, 2015). Instead, a defendant must provide "clear and convincing evidence" that a plaintiff cannot succeed against the non-diverse defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Even where presently deficiently pled, where Plaintiffs may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz*, 2015 WL 4507104, at *1. "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002).

Moreover, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, the case should be remanded to state court. *Matheson*, 319 F.3d at 1090 (footnote

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** <u>CV 16-06458 SJO (RAOx)</u>     **DATE:** <u>October 19, 2016</u>

omitted). To meet the preponderance of the evidence standard, the removing defendant must "set forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992.) The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

    B.    <u>Analysis</u>

        1.    <u>Defendants Have Demonstrated that Green was Fraudulently Joined</u>

Here, Plaintiff and Green are both California citizens. (*See* Compl. ¶ 1; Mot. 7; Opp'n 4.)[2] JJCI is a citizen of New Jersey. (Opp'n 4.) Thus, this Court can exercise diversity jurisdiction over this action only if it disregards Green's citizenship, which, in this case, requires finding that Green was fraudulently joined. Where a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, the joinder of the resident defendant is fraudulent. *McCabe v. Gen Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Plaintiff asserts three causes of action against Green for harassment related to Plaintiff's age, disability and race. In order to prevent remand, JJCI must demonstrate that each of these legal theories fails under California law. For the reasons set forth below, the Court concludes that JJCI has satisfied its burden.

            a.    <u>FEHA Harassment Claims are Sufficient to Find Green was Fraudulently Joined</u>

Plaintiff contends that Defendant Green harassed him in violation of FEHA, and is not a "sham" defendant for purposes of such a claim. (Mot. 9.)

---

[2] Even though Plaintiff contends that he is merely a resident of California and not necessarily a citizen of California, Defendants provide sufficient evidence to support a finding that Plaintiff is a citizen of California, including Plaintiff's assertions: that he and Green are "Californians;" that Plaintiff has been a "Californian" since this action was filed; that Plaintiff worked for Defendants in California; and that all events took place in JJCI's Los Angeles office. (Opp'n 4.)

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority \_\_\_\_
Send \_\_\_\_
Enter \_\_\_\_
Closed \_\_\_\_
JS-5/JS-6 \_\_\_\_
Scan Only \_\_\_\_

**CASE NO.:** <u>CV 16-06458 SJO (RAOx)</u>  **DATE:** <u>October 19, 2016</u>

Under FEHA, it is an unlawful employment practice "for an employer . . . or any other person, because of race, . . . color, national origin, ancestry, physical disability, mental disability, medical condition, . . . sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee . . . ." Cal. Gov. Code § 12940(j)(1). In order to establish a *prima facie* case of unlawful harassment under FEHA, Plaintiff must plead and prove the following elements: (1) he was a member of a protected class; (2) he was subject to unwanted harassment; (3) the harassment was based on his age/race/disability; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) JJCI is liable for the harassment. *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010); *see also Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 264 (2009). Essentially, Plaintiff must prove that the harassment is severe or pervasive enough to alter the conditions of his employment and create an abusive environment. *Thompson*, 186 Cal. App. 4th at 877.

Defendants contend that Plaintiff's allegations are "not only meaningless and not tied to any harassment on the basis of age, but also, they are sporadic, isolated incidents that are no in [sic] way severe or pervasive to constitute actionable harassment." (Removal ¶ 26.) Defendants offer numerous federal court cases in support of their contention that Plaintiff's isolated instances of alleged age, disability, and race-based harassment are **less** severe and pervasive than conduct deemed **not** severe or pervasive in other cases. (Opp'n 9-10; *see also Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642-44 (9th Cir 2004).) Additionally, Defendants submit that Plaintiff's allegations that Defendant Green refused to allow Plaintiff to return to the onsite nurse for additional tests or fired Plaintiff instead of Plaintiff's alleged harasser cannot support a harassment claim because the allegations are based on personnel management decisions. (Opp'n 20.)

Here, Plaintiff claims that Green made "numerous comments regarding Plaintiff's age, compared [Plaintiff's] age to those of younger employees, and consistently made derogatory and negative comments regarding other employees' age and capabilities." (Mot. 9.) However, Plaintiff provides specific factual allegations regarding only a few isolated incidents over the course of less than 3 months. The primary basis of Sams' claims arise from: an alleged statement by Green that Sams was "performing slow;" a single text message sent to Plaintiff's lead that Plaintiff was "so slow he should just go home," and Green's comment – "That's from old age."–allegedly made to Plaintiff while Plaintiff was stretching and rotating his shoulder. (Compl. ¶¶ 11(h)-(j).) This conduct is not severe or pervasive enough to constitute a hostile work environment or actionable harassment. *See Vasquez*, 349 F.3d 634 at 642. Similarly, Green's alleged denial of Plaintiff's request to return to an onsite nurse for additional recommended tests cannot form the basis of a harassment claim against a manager. *Reno v. Baird*, 18 Cal. 4th 640, 646-47 (1998) ("[P]ersonnel management actions . . . do not come within the meaning of harassment . . . . [t]hese actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those of discrimination, not harassment."); *see also Janken v. GM Hughes Electronics*, 46 Cal. App.4th 55, 66 (1996) (A supervisor cannot be held personally

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** <u>CV 16-06458 SJO (RAOx)</u>  **DATE:** <u>October 19, 2016</u>

liable for discrimination relating to personnel management decisions.).  Accordingly, this Court finds Defendant Green was fraudulently joined.

Having determined that Defendant Green was fraudulently joined, the Court next reviews whether Defendant's have established the amount in controversy and ultimately finds that they have not.

    2.    <u>Defendant Does Not Show, By a Preponderance of Evidence, That Amount in Controversy is Satisfied</u>

Plaintiff seeks relief in the form of lost past and future income and employment benefits, emotional distress damages, punitive damages, and attorney's fees.  The parties dispute whether the amount of these categories is in excess of $75,000.

    a.    Economic Damages

Defendants contend that Plaintiff received an annual base salary of $67,018, or approximately $1,288.81 per week with a "target bonus of up to 6%."  (Removal, Decl. of Ganesha Cruise in Supp. of Def.'s Notice of Removal of Action , ("Cruise Decl.") ¶ 4, ECF No. 2.)  Based on Plaintiff's salary from the time of termination to the Notice of Removal, Defendants computed Plaintiff's lost wages to total $54,130.02.  (Removal ¶ 36.)

The "guiding principle is to measure amount in controversy at the time of removal . . . ." *Soto v. Kroger Co.*, No. CV 12-00780 DOC, 2013 WL 3071267 at *3 (C.D. Cal. June 17, 2013). Defendants' assertion that "Plaintiff's claimed lost earnings alone will exceed $75,000 through the date of judgment" are speculative. (Opp'n 25.) *See Gamino*, 2011 WL 1211356, at *2 ("Moreover, even if Plaintiff were seeking front pay, Old Dominion's calculations regarding the amount of front pay that would be at issue at the time of trial is entirely speculative . . . ."); *see also Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) (measuring lost wages as of removal, noting that this amount would increase, but declining to project further lost wages by the time of trial).

Here, Defendants failed to satisfy their burden. Plaintiff's lost wages as of removal fall short of the $75,000.00 threshold.  Defendants have not rebutted this calculation by a preponderance of the evidence.  *See Soto*, 2013 WL 3071267 at *3 ("[E]ven assuming, as one logically would, that lost wages would increase as the case went on, [defendant] still has a considerable gap to close to reach a $75,000 amount in controversy.")  Moreover, Defendants did not provide any evidence regarding the number of hours that Plaintiff worked per week, how they reached that approximation, any payments made to Plaintiff, or any other evidence from which the Court could confirm the accuracy of the amount.  (*See* Cruise Decl.)  Furthermore, Defendants do not even attempt to compute the speculative target bonus in their calculation.  (Cruise Decl. ¶ 4.)  Such unsubstantiated assertions do not satisfy the amount in controversy requirement of 28 U.S.C.

Case 2:16-cv-06458-SJO-RAO Document 19 Filed 10/19/16 Page 7 of 9 Page ID #:271

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

| CASE NO.: CV 16-06458 SJO (RAOx) | DATE: October 19, 2016 |
|---|---|

§ 1332(a). *See Gaus*, 980 F.2d at 566-67 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotations omitted).

### b. Emotional and Mental Distress Damages

In his Complaint, Plaintiff alleges that "[a]s a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial." (Compl. ¶ 15.) Defendants contend "California verdicts are replete with examples of juries awarding plaintiffs emotional distress damages in amounts exceeding $75,000." (Opp'n 26.)

Yet Defendants make no effort to analogize the facts of the cited cases to the Plaintiff's case beyond noting jury awards for emotional distress received in single plaintiff discrimination cases. See *Cable v. Merit Life Ins. Co.*, 2006 WL 1991664, *3 (E.D. Cal. 2006) (Defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case."). Without more, these awards are speculative and fail to satisfy Defendants' burden. *See Soto*, 2013 WL 3071267, at *4 (requiring more than "simply cases where the defendant fired the plaintiff").

### c. Exemplary/Punitive Damages

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." *Id.* (adding that this burden may be met by introducing evidence of jury verdicts in analogous cases).

Defendant argues that the amount of punitive damages could exceed $75,000, and references punitive damages awards in other court cases. (Opp'n 28.) However, Defendant does so without sufficiently "analogizing facts from those cases to this case." *See Soto*, 2013 WL 3071267, at *4. Defendant speculates, without offering an estimate or formula, that punitive damages alone could be in excess of the jurisdictional limit. (Opp'n 27.) The Court cannot conclude that an award of punitive damages would be likely, let alone compute an amount. *See, e.g., Gamino v. HireRight Solutions, Inc.*, No. CV 11-00281 BTM, 2011 WL 1211356, at *3 (S.D. Cal. Mar. 28, 2011).

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 16-06458 SJO (RAOx)</u> | **DATE:** <u>October 19, 2016</u> |

        d.      Attorney's Fees

Plaintiff alleges that 28 U.S.C. Section 1447(c) entitles Plaintiff to recover attorney's fees. (Compl. ¶ 16.) Defendants argue "[g]iven that Plaintiff's economic damages, emotional distress damages, punitive damages, all on their own easily meet the $75,000 minimum threshold, it is clear that even a nominal amount for his attorneys' fees will exceed the $75,000 minimum jurisdictional requirement." (Removal ¶ 41.) Defendants' argument fails.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975, 976-77 (9th Cir. 2013). Defendant cites *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal 2002), for the proposition that attorney's fees must be calculated through the resolution of an action. (Opp'n 11.) However, the Ninth Circuit has not yet determined to what point in the litigation attorney's fees should be calculated. *Fortescue v. Ecolab Inc.*, No. CV 14-00253 FMO, 2014 WL 296755, at *3 (C.D. Cal. Jan. 28, 2014); *see also Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, *19 (C.D. Cal. 2012) (comparing cases) ("[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case.").

Here, the Court is persuaded that attorney's fees incurred after removal are not properly included because the amount in controversy is determined as of removal. *See Fortescue*, 2014 WL 296755, at *3 (citing *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, *2 (D. Ariz. 2010; *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)). "Indeed, '[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' 'at the time of removal.'" *Fortescue*, 2014 WL 296755, at *3 (citation omitted). Separate and apart from this timing issue, Defendants do not offer an estimate or formula of what the attorney's fees could be. Defendants made no attempt to cite attorneys' fees in other cases and explain how they are analogous to the case at issue, *e.g.*, by analogizing the time frame of the litigation, number of claims, amount of expected discovery, and other issues that would factor into a calculation of attorney's fees. Defendants have not established any amount in attorney's fees, let alone establish that it would bring the total amount in controversy over $75,000.

        e.      Conclusion on Amount in Controversy

In sum, Defendant has not shown by the submission of summary-judgment-type evidence that the total amount in controversy more likely than not exceeds $75,000.

///

    D.    <u>The Court Denies an Award of Attorney's Fees Against Defendants</u>

**JS-6**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 16-06458 SJO (RAOx)   **DATE:** October 19, 2016

Plaintiff seeks attorney's fees of $4,800 incurred in opposing Defendants' removal and moving for remand, arguing that "defendants have no objectively reasonable basis for seeking removal" and that it "is a classic example of forum shopping, without support in law or fact." (Mot. 18.) Defendants argue that they acted in "good faith" by removing the action to this Court, "[n]or is there any evidence of an improper purpose whatsoever." (Opp'n 30.)

"[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Frankline Capital Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

The Court declines to grant an award of attorney's fees. Plaintiff's argument–that Defendants' removal of this case is indicative of forum shopping–is unpersuasive. (Mot. 18.) Discrepancies abound regarding the amounts sought and the validity of Plaintiff's claims against Green, and the Court cannot conclude that Defendants lacked an objectively reasonable basis for removal particularly in light of the Court's finding that Green was fraudulently joined. Thus, Plaintiff's Request for Attorney's Fees is **DENIED**.

III. RULING

For the reasons stated above, Defendants have not established, by a preponderance of the evidence, that the amount in controversy is met. On these grounds, the Court lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand is **GRANTED**. Plaintiff's Request for Attorney's Fees is **DENIED**.

IT IS SO ORDERED.